EXHIBIT
A

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-06890-S7**
**7/26/2024 5:21 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**HANG LE**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-06890-S7

VS.

**COSTCO WHOLESALE CORPORATION,**

**and John Does 1-5,**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Drew Gilliland, Nick Schnyder Law Firm
351 Atlanta St. SE
Marietta GA 30060

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** ______ **day of** 29th day of July, 2024, **20**____.

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-06890-S7**
**7/26/2024 5:21 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| HANG LE,<br><br>Plaintiff,<br><br>**v.**<br><br>COSTCO WHOLESALE CORPORATION, and JOHN DOES 1-5,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>24-C-06890-S7 |

**COMPLAINT AND JURY DEMAND**

COMES NOW, HANG LE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel and hereby files this Complaint against COSTCO WHOLESALE CORPORATION and JOHN DOES 1 – 5, (hereinafter referred to as Defendants), and shows this Honorable Court as following:

**INTRODUCTION**

1.

Served with this Complaint are the following: Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiff's Request for Admission to Defendants.

**PARTIES, JURISDICTION AND VENUE**

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

2.

Plaintiff is an individual and resident of Georgia and submits to the jurisdiction and venue of this Court. Plaintiff immigrated from Vietnam and now owns multiple restaurants and has raised

successful children who are medical doctors and lawyers. She is a living embodiment of the American Dream.

3.

Defendant COSTCO WHOLESALE CORPORATION is a foreign for-profit corporation, who owns and operates the Costco store located at 3980 Venture Dr., Duluth, GA 30096 (Gwinnett County, Georgia). Its registered agent is The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041 (Forsyth County). Costco may be served via its Registered Agent at the above address. Venue and jurisdiction are proper in Gwinnett County because the subject injury occurred at Costco's store in Gwinnett County.

4.

At all times material hereto, Defendant John Does 1-5 are entities and/or persons who are a property owner, manager, employee, independent contractor, or customers who have responsibility for the injuries suffered by Plaintiff. John Does 1-5 will be named once its/his/her identity(es) is/are revealed.

5.

Defendants are joint tortfeasors.

6.

Venue and jurisdiction are proper in this Court because the subject injury occurred at a Costco store located in Gwinnett County.

**FACTS APPLICABLE TO ALL CLAIMS**

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

7.

On or about May 14, 2024, Plaintiff was shopping inside a Costco store located in Gwinnett County.

8.

At all times relevant, Plaintiff was shopping during business hours and had made purchases before she was injured. Plaintiff is therefore an invitee.

9.

On that day, Plaintiff, while waiting for her daughter to finish checking out, was unexpectedly knocked to the ground and/or she slipped and fell to the ground, and she broke her shoulder.

10.

Plaintiff did not do anything or fail to do anything that led to her fall.

11.

Plaintiff received no warnings before she fell to the ground.

12.

It is believed that customers were misusing shopping carts, the shopping carts were improperly maintained and inspected, the store failed to monitor the shopping carts, that a foreign substance was on the floor, and Plaintiff was knocked to the ground, resulting in a severe shoulder injury.

13.

As a result of Defendants' negligence, Plaintiff was injured, underwent surgery, and she has incurred medical expenses and pain and suffering damages.

**COUNT 1**
**NEGLIGENCE**

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

14.

Plaintiff was an invitee on the Defendant's premises at the time of her injury.

15.

Defendants owed a non-delegable duty of reasonable care in keeping the premises and approaches safe for invitees such as Plaintiff pursuant to O.C.G.A. § 51-3-1.

16.

Defendants had superior knowledge of the subject hazard and took insufficient steps to protect their invitees within their premises.

17.

Defendants knew or should have known of the subject hazard and took insufficient steps to protect their invitees within their premises.

18.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

**COUNT 2**
**VICARIOUS LIABILITY**

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

19.

At all times relevant to this action, the individuals responsible for inspecting, maintaining, and monitoring its shopping carts and floors were employed by Defendant and were acting within the scope of their employment.

20.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency, or apparent agency.

**COUNT 3**
**NEGLIGENT TRAINING & SUPERVISION**

21.

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

22.

Defendant was negligent in failing to adopt and follow appropriate policies and procedures to make sure that the shopping carts were properly maintained, monitored, and inspected and in failing to train its employees to maintain, monitor, and inspect its shopping carts. Defendant was also negligent in failing to adopt and follow appropriate polices and procedures to maintain, inspect, and clean its floor and in failing to train its employees to do the same.

23.

Defendant was negligent in training and supervising its staff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

(a) That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recover such other and further relief as is just and proper; and

(d) That all issues be tried before a jury of twelve.

This 26th day of July, 2024

**NICK SCHNYDER LAW FIRM, LLC**
*/s/ Drew Gilliland*
Drew Gilliland
Georgia Bar No. 116570
Daniela Martinez
Georgia Bar No. 613963
***Attorneys for Plaintiff***

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-999-1111
Fax: 404-341-9969
dgilliland@schnyderlawfirm.com
dmartinez@schnyderlawfirm.com